[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13680
Non-Argument Calendar

_____

BIA Nos.
A78-599-103
A78-599-104

LEYLA INES CRISSIEN MEDINA,
RICARDO ANTONIO MEDINA SOTO,
RICARDO AUGUSTO MEDINA CRISSIEN,
MAURICIO ALEJANDRO MEDINA CRISSIEN,
ANDRES FELIPE MEDINA CRISSIEN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(February 27, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Leyla Ines Crissien Medina ("Medina"), her husband Ricardo Antonio Medina Soto, and their children Ricardo Augusto Medina Crissien, Mauricio Alejandro Medina Crissien, and Andres Felipe Medina Crissien, (collectively the "petitioners") petition for review of the BIA's adoption and affirmation of the Immigration Judge's ("IJ") order of removal and denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On appeal, Medina asserts that she was persecuted in Colombia on account of her imputed political opinion, through her membership in the Liberal Party, and that she has demonstrated a well-founded fear of future persecution if she were returned to Colombia because of her past activities against the Revolutionary Armed Forces of Colombia ("FARC"). She also argues that the IJ did not question her credibility or her participation with the Liberal Party, and that her testimony was credible. Medina further argues that she qualifies for CAT relief because guerilla movements in Colombia, such as the FARC, constituted the government there and because she demonstrated fear under CAT.

**Asylum**

As an initial matter, we "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d

2

1173, 1179 (11th Cir. 2004) (quotation omitted). An alien must file her asylum application "within [one] year after the date of [her] arrival in the United States." INA § 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." INA § 208(a)(2)(D); 8 U.S.C. § 1158(a)(2)(D). The determination of whether an alien can apply for asylum, however, is left exclusively to the Attorney General, and 8 U.S.C. § 1158(a)(3) "divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." *Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). Further, we have held that the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), does not alter this conclusion. *Chacon-Botero v. U.S. Attorney Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (per curiam).

Here, the BIA and IJ determined that the petitioner's asylum application was untimely and that they had failed to establish changed or extraordinary circumstances to excuse the untimeliness. Accordingly, because we lack jurisdiction to consider the denial of the asylum claim as time-barred, we dismiss the petition for review as to the petitioner's claim for asylum. Nevertheless, we

3

still must consider their claim for withholding of removal under the INA and relief under the CAT.

**Withholding of Removal**

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted). Here, because the BIA expressly adopted the IJ's decision, we review the IJ's decision and the BIA's. To the extent that the IJ's and the BIA's decisions were based on a legal determination, review is de novo. *See Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 2245 (2005). If the BIA's and the IJ's decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole," we must affirm. *Id*. at 1027 (quotation omitted). With respect to corroborating evidence, the REAL ID Act of 2005 provides that, "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact

4

is compelled to conclude that such corroborating evidence is unavailable." REAL ID Act of 2005 § 101(e).

An IJ may grant withholding of removal if the IJ decides that, if returned to her country, "the alien's life or freedom would be threatened . . . on account of [her] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A); 8 U.S.C. § 1231(b)(3)(A). Additionally, an alien may receive withholding of removal based on an imputed political opinion that the alien does not actually hold. *See Sanchez v. U.S. Attorney Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (per curiam). The burden of proof is on the alien to show her eligibility for withholding of removal. 8 C.F.R. § 208.16(b). An alien is entitled to withholding of removal if she can establish a past threat to life or freedom through proof of past persecution on account of a protected ground, or a future threat to life or freedom if it "is morely likely than not" that the protected ground will cause future persecution. 8 C.F.R. § 208.16(b)(1), (2).

In order to review a credibility determination, it must first be established that the IJ made an adverse credibility finding. *See Yang v. U.S. Attorney Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (stating that "IJ's must make clean determinations of credibility.") (quotation omitted).

The petitioners did not present significant corroborating evidence to the IJ, and applying the deferential standard of review from the REAL ID Act, we are not

compelled to conclude that any corroborating evidence in support of their claim was unavailable at the time of their hearing. *See* REAL ID Act of 2005 § 101(e). In addition, neither the IJ nor the BIA made an explicit credibility finding about Medina, the only petitioner to testify, as described in *Yang*. Therefore, we do not reach the issue of whether the IJ erred in adversely determining Medina's credibility. *See Yang*, 418 F.3d at 1201.

Nevertheless, substantial evidence supports the IJ's determination that the petitioners failed to establish past persecution or a well-founded fear of future persecution based on her imputed political opinion. Although the petitioners provided evidence corroborating Medina's political involvement during the 1970s and her work for a communal action board, they provided no evidence that she was active in Colombian politics or activities about which the FARC could impute any political opinion to her around the time that the FARC threatened her and her family. Therefore, the petitioners failed to demonstrate that the FARC persecuted Medina in the past on account of her imputed political opinion. *See* 8 C.F.R. § 208.16(b)(1); *Sanchez*, 392 F.3d at 438. Also, Medina has not engaged in any political activity in Colombia for several years, which weakens her claim that she has a well-founded fear of future threat to her life or freedom by the FARC based on her imputed political opinion.

**CAT Relief**

In order to obtain relief under the CAT, the burden is on the applicant to establish that it is "more likely than not" that he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). CAT relief carries a higher legal standard than asylum. *Al Najjar*, 257 F.3d at 1303. "To demonstrate eligibility for CAT protection, an applicant must show that it is more likely than not that she will be tortured in her home country at the hands of her government or that her government will acquiesce in the torture." *Sanchez*, 392 F.3d at 438.

Here, there is nothing in the record to suggest that she was previously tortured by the FARC with the consent or acquiescence of the Colombian government. Likewise, there is nothing in the record to suggest that she "more likely than not" would be tortured by the FARC with the consent or acquiescence of the Colombian government upon her return to Colombia. Consequently, because the petitioners did not present any evidence that any alleged harm was

7

"inflicted at the instigation of or with the consent or acquiescence of a public official," they have not established eligibility for CAT relief. 8 C.F.R. §§ 208.18(a)(1), 208.16(c)(2).

**PETITION DISMISSED IN PART; DENIED IN PART.**